# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| STEVE CASSON, # 99-000058, | ) |
| | ) |
| *Plaintiff*, | ) Case No. 1:16-cv-24 |
| | ) |
| v. | ) Judge Travis R. McDonough |
| | ) |
| ERIC WATSON, | ) Magistrate Judge Susan K. Lee |
| | ) |
| *Defendant*. | ) |

## MEMORANDUM and ORDER

This former prisoner's pro se civil rights action for damages and injunctive relief under 42 U.S.C. § 1983 is before the Court for screening. Plaintiff states his claim in its entirety as follows:

> 12-2-15 to 1-30-16 Double the number of inmates Jail should house. Inmates sleeping on floor unsanorty (sic) conditions, mold in showers, no cleaning supplies, black mold in air vints (sic).

(Doc. 1, at 5.)

Plaintiff brought a previous civil rights case in this Court. *See Casson v. Watson*, No. 1:16-CV-91 (E.D. Tenn. Apr. 25, 2016). In the prior case, Plaintiff claimed that:

> (1) 12-2-15 to 1-30-16 The Jail was overcrolder (sic) with almost double its capac[i]ty.
>
> (2) The place was unsanitary, they never cleaned showers or bleach on anything.
>
> (3) Black mold was all over the place.

(Doc. 1, at 5, in No. 1:16-CV-91.)

Case No. 1:16-CV-91 was dismissed for failure to state a claim for relief. (Doc. 9 in Case No. 1:16-CV-91.) There is no question that a dismissal of a lawsuit for failure to state a

claim constitutes a judgment on the merits for purposes of res judicata. *See Randles v. Gregart*, 965 F.2d 90, 93 (6th Cir. 1992); *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981); *Hughes v. U.S. Dep't of Hous. & Urban Dev.*, No. 00-3701, 2000 WL 1828275, at *1 (6th Cir. Dec. 8, 2000).

The doctrine of res judicata, or more precisely, "issue preclusion" and "claim preclusion," two subparts of the doctrine, apply to Plaintiff's claims. "Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided," whereas "[c]laim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." *Heyliger v. State Univ. and Cmty. Coll. Sys. of Tenn.*, 126 F.3d 849, 852 (6th Cir. 1997) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1, 104 (1984) (citations omitted)). "[A] critical predicate for applying claim preclusion is that the claimant shall have had a fair opportunity to advance all its 'same transaction' claims in a single unitary proceeding." *Dionne v. Mayor & City Council of Balt.*, 40 F.3d 677, 683 (4th Cir. 1994) (citation omitted).

"[I]f an action is dismissed on the merits, it operates as an absolute bar to any subsequent action between the same parties [or their privies] with respect to every matter that was actually litigated in the first case as well as every other ground of recovery that might have been presented . . . ." *Walker v. Gen. Tel. Co.*, 25 F. App'x. 332, 336 (6th Cir. 2001) (citing *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994)). Additionally, after a final judgment, the doctrine of res judicata bars subsequent claims that arose out of the same transaction, "or series of connected transactions." *Heyliger*, 126 F.3d at 854 (citation omitted).

2

Plaintiff's instant case presents the type of repetitive litigation that issue preclusion and claim preclusion are designed to remedy. In both the instant case and in Case No. 1:16-CV-91, the same parties are involved. Eric Watson, Sheriff of Bradley County, Tennessee, the sole defendant in Case No. 1:16-CV-91, is also the sole defendant herein. Additionally, both cases are based on the same transaction or series of transactions. Both complaints refer to overcrowding, unsanitary conditions, and "black mold" in the facility. Moreover, Plaintiff refers to the same relevant time frame in both cases, i.e. December 2, 2015, to January 30, 2016.

Therefore, the claims which were raised in the earlier case—which appear to be all of the current claims—may not be re-litigated in the instant case, because they are now barred by res judicata. Arguably, the claim that inmates are sleeping on the floor was not specifically raised in the earlier case. To the extent this claim was not subsumed within the "overcrowding" claim in the prior lawsuit, however, that claim is barred under the doctrine of claim preclusion because the Court finds that it should have been presented in the earlier case.

Thus, the contentions in the present case based on the alleged conditions at the jail which existed from December 2, 2015, to January 30, 2016, fail to state a claim for relief. *See Thomas v. Glaxo Wellcome, Inc.*, 93 F. App'x. 807, 808 (6th Cir. 2004) (holding that a plaintiff fails to state a claim where res judicata bars a case).

For the reasons set forth above, the Court finds that the complaint fails to state a claim because it is barred by the doctrine of res judicata. 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3).

**AN APPROPRIATE ORDER WILL ENTER**.

/s/*Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

3